UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12993-GAO

GREGORY A. WALL,
Plaintiff,

v.

REBECCA LUBELCZYK, THOMAS GROBLEWSKI, ADRIANNA CARRILLO, GERI
RIENDEAU, SHAWNA NASUTI, KAREN BERGERON, LAWRENCE WEINER, and
HAROLD CLARKE,
Defendants.

OPINION AND ORDER
September 30, 2016

O'TOOLE, D.J.

Acting *pro se*, the plaintiff, Gregory A. Wall, an inmate in the custody of the Massachusetts

Department of Corrections, asserts a number of federal and state claims against various prison

officials and medical staff for their alleged mistreatment of an injury to his right shoulder. He has

served the complaint on or obtained waivers of service from defendants Dr. Rebecca Lubelczyk,

Dr. Thomas Groblewski, Dr. Adrianna Carrillo, Geri Riendeau, and Shawna Nasuti. Lubelczyk,

Groblewski, and Riendeau have filed answers to the complaint. Carrillo and Nasuti have moved

to dismiss the claims against them.

The plaintiff has not filed proof of service on defendants Karen Bergeron, Lawrence

Weiner, or Harold Clarke. Pursuant to this Court's August 2, 2016 Order (dkt. no. 52), those

defendants are now dismissed for lack of service.

As noted in the August 2 Order, as a matter of case management, the Court will address

the plaintiff's federal constitutional and statutory claims first. The pending motions to dismiss

those federal claims are addressed herein.

Because the defendants' motions challenge the sufficiency of the claims under Federal Rule of Civil Procedure 12(b)(6), the Court takes as true all well-pleaded factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint "stops short of the line between possibility and plausibility" where it "pleads facts that are 'merely consistent with' a defendant's liability." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 546). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to adequately plead a claim for relief. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

As an initial matter, the complaint does not contain sufficient factual allegations to support the plaintiff's purported constitutional claims for violation of his equal protection or due process rights, labelled as Count II. These allegations appear to be mere boilerplate. The plaintiff's claims revolve around his allegedly inadequate medical care, which possibly brings them within the province of the Eighth Amendment (applicable to the States through the Fourteenth Amendment). Tacking on other independent constitutional claims is unnecessary. See United States v. Lanier, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."). The plaintiff's claims under 42 U.S.C. § 1985 similarly fail because there is no allegation of class-

based discrimination. See Pérez-Sánchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008). Those claims are dismissed.[1]

## I.    Carrillo's Motion to Dismiss (dkt. no. 22)

According to the complaint, the plaintiff's shoulder was first injured in 2008. He was examined by medical professionals and was eventually started on a physical therapy regimen. By late 2011, the physical therapist concluded that the therapy had failed and referred the plaintiff to an orthopedic specialist, Dr. Carrillo. In January 2012, after a video conference examination of the plaintiff, she ordered an in-person examination.

That in-person examination took place in March 2012. Carrillo ordered an X-ray, but not an MRI. She diagnosed the plaintiff with osteo-arthritis of the acromioclavicular joint and impingement of the right shoulder. (Compl. ¶¶ 26, 32 (dkt. no. 1).) In her report, she recommended three alternative potential next steps in light of her diagnosis: (1) surgery, (2) physical therapy, or (3) wait and see. According to the complaint, Carrillo "has an over 10 year working relationship with [the prison's healthcare provider] and knows that [by] leaving them 3 options, they will choose economy over the surgical option." (Compl. ¶ 26)

The prison then denied the plaintiff surgery and instead recommended additional physical therapy, despite its prior ineffectiveness. By late 2013, the plaintiff's condition had further deteriorated, and he remained in pain. Surgery was eventually scheduled for March 2014, two years after Carrillo's examination and diagnosis.[2]

---

[1] Nasuti specifically moved to dismiss these claims, but her argument applies equally to the claims against all of the defendants.
[2] There is no allegation that Carrillo was directly responsible for any scheduling delay.

Carrillo performed the surgery and discovered that her original diagnosis had been incorrect. The plaintiff had a "complete tear of [the] anterior labrum." (Compl. ¶ 31.) The surgery was successful, and Carrillo prescribed post-operative care.

The plaintiff's claim against Carrillo apparently hinges on her alleged misdiagnosis of the plaintiff's condition. According to the complaint, she deviated from standard practice in not originally conducting an MRI (instead of or in addition to an X-ray) to determine the extent of the plaintiff's shoulder injury. Additionally, the plaintiff alleges, she provided a recommendation to the prison which she knew would not result in the plaintiff undergoing surgery.

Not all claims by a prisoner for medical error are cognizable under the Constitution. To violate the Eighth Amendment's prohibition of cruel and unusual punishment, a plaintiff must allege and prove that prison officials acted (or failed to act) with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To do so, the plaintiff must prove that an official subjectively "possessed a sufficiently culpable state of mind" and that the resulting harm was "objectively, sufficiently serious." Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011) (citation omitted).

Not every claim of "substandard care, malpractice, negligence, inadvertent failure to provide care, [or] disagreement as to the appropriate course of treatment" in a prison creates a constitutional cause of action. See Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007). Furthermore, "misjudgment, even negligent misjudgment, is not deliberate indifference." Ramos v. Patnaude, 640 F.3d 485, 490 (1st Cir. 2011). Rather, "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).

Here, the plaintiff has not pled facts sufficient to state a claim for deliberate indifference to his medical needs. The plaintiff's allegations fail to support a plausible inference that Carrillo acted with the subjective intent to punish the plaintiff, or that she acted with wanton disregard for his medical needs, when she elected not to conduct an MRI or when she presented the prison with three alternative courses of action with respect to plaintiff's shoulder injury. See Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993) (holding that inadvertent failure to provide adequate medical care does not amount to a constitutional violation).

Accordingly, the plaintiff's allegations do not meet the pleading standard set forth in Iqbal, requiring a plaintiff to plead supporting "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Therefore, the plaintiff's Eighth Amendment claim as to Carrillo is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    Nasuti's Motion to Dismiss (dkt. no. 33)

The plaintiff's claims against Nurse Practitioner Nasuti arise from her involvement in the plaintiff's treatment after his shoulder surgery. The central allegation is that Nasuti rewrote Carrillo's medical orders without consulting with the doctor. (Id. at ¶ 54.) According to the complaint, Nasuti was the plaintiff's regular provider and was on duty when he returned to Old Colony Correction Center's Hospital Services Unit for post-operative care. (Compl. ¶ 33.) Despite the plaintiff's several requests to see Nasuti, she did not visit him in the hospital ward. (Id.) She then decreased the plaintiff's pain management order from two weeks to one week and changed his prescribed pain medication from Percocet to Tylenol III without first getting Carrillo's approval. (Id.)

The plaintiff also alleges that Nasuti failed to carry out Carrillo's order to make arrangements to assist plaintiff with transporting his personal items when he was discharged from the hospital ward. (Id. at ¶ 34.)

Like Carrillo, Nasuti contends that the plaintiff has failed to allege sufficient facts to state a claim for inadequate medical care under the Eighth Amendment. As discussed above, to make out a viable claim for deliberate indifference to serious medical needs a plaintiff must prove first that the relevant official subjectively "possessed a sufficiently culpable state of mind"—that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Leavitt, 645 F.3d at 497 (citations omitted). Second, the plaintiff must show that the alleged risk or harm was "objectively, sufficiently serious." Id. (citation omitted).

Here, plaintiff's Eighth Amendment allegations do not raise a plausible inference that Nasuti acted with deliberate indifference. Read liberally—as all *pro se* complaints are, see Erickson v. Pardus, 551 U.S. 89, 94 (2007)—the complaint alleges that the plaintiff had obvious medical needs and that Nasuti did not adequately address them. However, the pleadings provide no context for how Nasuti's decision to change the plaintiff's medication and adjust his pain management plan might be anything other than a "disagreement as to the appropriate course of treatment" or, at most, negligence. See Ruiz-Rosa, 485 F.3d at 156.

The subjective test for deliberate indifference set forth in Farmer "leave[s] ample room for professional judgment, constraints presented by the institutional setting, and the need to give latitude to administrators who have to make difficult trade-offs as to risks and resources." Battista v. Clarke, 645 F.3d 449, 453 (1st Cir. 2011). Where, as here, the dispute does not involve the absence of medical attention but rather the adequacy thereof, "federal courts are generally reluctant

to second guess medical judgments and to constitutionalize claims which sound in state tort law."

Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1981) (citing Westlake v. Lucas, 537 F.2d 857, 860

n.5 (6th Cir. 1976).

Because the plaintiff has failed to plead sufficient facts to state a claim that Nasuti made

her treatment decisions with the intent to inflict pain or as a result of deliberate indifference, his

Eighth Amendment claim against Nasuti is dismissed pursuant to Federal Rule of Civil Procedure

12(b)(6).

## III.    Conclusion

In summary: All claims against Karen Bergeron, Lawrence Weiner, or Harold Clarke are

dismissed for failure to serve pursuant to this Court's prior order.

For the reasons stated above, the plaintiff's constitutional claims against Carrillo and

Nasuti for violation of his Eighth Amendment rights, alleged in Count I, his claims against all

defendants for violation of his equal protection or due process rights, labelled as Count II, and his

federal statutory claim against all defendants pursuant to 42 U.S.C. § 1985, alleged as a component

of Counts I, II, and VI, are dismissed.

Accordingly, Defendant Carrillo's Motion to Dismiss (dkt. no. 22) and Defendant Nasuti's

Motion to Dismiss (dkt. no. 33) are GRANTED in part as to the federal claims alleged in Counts

I, II, and VI.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge