UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12993-GAO

GREGORY A. WALL,
Plaintiff,

v.

REBECCA LUBELCZYK, THOMAS GROBLEWSKI, ADRIANNA CARRILLO, GERI
RIENDEAU, SHAWNA NASUTI, KAREN BERGERON, LAWRENCE WEINER, and
HAROLD CLARKE,
Defendants.

OPINION AND ORDER
June 27, 2017

O'TOOLE, D.J.

Pending before the Court is the motion of defendants Rebecca Lubelczyk, Thomas

Groblewski, and Geri Riendeau for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c) (dkt. no. 71). The defendants are medical personnel who treated the *pro se*

plaintiff, Gregory A. Wall, for a shoulder injury that he sustained while incarcerated. They seek a

Rule 12(c) judgment on the pleadings on the plaintiff's Eighth Amendment (Count I) and 42

U.S.C. § 1983 Failure to Train and Supervise (Count VI) claims, which would dispose of the only

remaining federal claims in the case. The plaintiff has opposed the defendants' motion and moved

for summary judgment in his favor (dkt. no. 76). After consideration of the cross-motions, the

defendants' motion for judgment on the pleadings is granted and the plaintiff's motion for

summary judgment is denied.

A Rule 12(c) motion is determined "solely on the factual allegations in the complaint and

answer." NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 8 (1st Cir. 2002). The standard of review

for a motion under Rule 12(c) "is identical to the standard of review for motions to dismiss for

failure to state a claim under Rule 12(b)(6)." Jardín De Las Catalinas Ltd. P'ship v. Joyner, 766 F.3d 127, 132 (1st Cir. 2014) (citation omitted). The Court takes the facts pled in the complaint as true and considers reasonable inferences in the plaintiff's favor. Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014).

As to Count I, the defendants argue that the facts pled are not sufficient to establish an Eighth Amendment violation. To make out an Eighth Amendment claim, a plaintiff must show more than "substandard care, malpractice, negligence, inadvertent failure to provide care, and disagreement as to the appropriate course of treatment." Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007). Rather, a plaintiff must assert facts sufficient to support a conclusion that a defendant's withholding of "essential health care . . . amounted to 'deliberate indifference to a serious medical need.'" DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir. 1991) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Deliberate indifference may be established "by decisions about medical care made recklessly with 'actual knowledge of impending harm, easily preventable.'" Ruiz-Rosa, 485 F.3d at 156 (quoting Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 162 (1st Cir. 2006)).

Though the plaintiff's medical needs were obvious and serious, his allegations against these defendants do not support an inference that their course of treatment amounted to reckless disregard of impending harm to the plaintiff. According to the detailed allegations of the Complaint, the defendants monitored the plaintiff's condition through a physical therapy regimen, provided him with pain medication, and assessed his progress, including through mobility exercises and numerous in-person conversations. The plaintiff's protests about the treatment of his shoulder injury essentially concern the choice of non-surgical treatment rather than surgery. The allegations, fairly understood, are not that the defendants denied him treatment, but rather that they

chose to pursue a treatment recommended by the plaintiff's orthopedic specialist that was ineffectual. What is lacking are factual allegations that would support a conclusion that the defendants chose the course they did out of such deliberate, that is, intentional, disregard for his well-being that it was effectively unlawful punishment forbidden by the Eighth Amendment. The plaintiff is not entitled to the treatment of his choice, and the fact that he was denied the specific treatment he himself wanted pursued does not amount to deliberate indifference to serious medical needs. See MacLeod v. Kern, 424 F. Supp. 2d 260, 266 (D. Mass. 2006).

As to Count VI, the defendants argue that the pleadings do not show that the defendants were responsible for training subordinate staff or had supervisory duties that resulted in the plaintiff's being deprived of a civil right. Under 42 U.S.C. § 1983, state officials sued in their individual capacities cannot be held liable "for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* but rather only on the basis of their own acts or omissions." Canales v. Gatzunis, 979 F. Supp. 2d 164, 171 (D. Mass. 2013) (quoting Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009)). And such "acts or omissions must amount to a reckless or callous indifference to the constitutional rights of others." Id. (quoting Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 92 (1st Cir. 1994)).

Here, the plaintiff merely alleges that the "[d]efendants are and were responsible for training and supervising UMASS correctional Health Personel [sic] at Old Colony Correction Center." (Compl. ¶ 79 (dkt. no. 1).) The Complaint is similarly devoid of any facts regarding any pattern or practice of deliberate indifference. The claim cannot succeed based on mere "general factual allegations purportedly applicable to all Defendants." Canales, 979 F. Supp. 2d at 172.

Therefore, so much of Count VI as purports to be brought pursuant to § 1983 is dismissed as to all defendants.[1]

In light of the foregoing, the defendants' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (dkt. no. 71) is GRANTED and Plaintiff's Motion for Summary Judgment (dkt. no. 76) is DENIED.

The Court now having dismissed all federal claims in the case, which claims served as the sole basis for this Court's subject matter jurisdiction, I decline to exercise pendant jurisdiction over the plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c); Lares Grp., II v. Tobin, 221 F.3d 41, 45 (1st Cir. 2000) (finding it to be "well within [the court's] broad discretion" to dismiss without prejudice plaintiff's supplemental state law claims once federal claim was dismissed). Those claims are DISMISSED without prejudice.

The Motion of the Defendant, Dr. Adriana Carrillo, to Transfer the Claims Against Her to Massachusetts Superior Court for the Purpose of Convening a Medical Malpractice Tribunal (dkt. no. 66) is MOOT. The Plaintiff's Motion to Compel Discovery Pursuant to Fed. R. Civ. P 26(B) (dkt. no. 75) is also MOOT.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The pleading deficiencies as to Lubelczyk, Groblewski, and Riendeau are also present with respect to the other named defendants, and the arguments for dismissal discussed here apply equally to the federal failure to train and supervise claims against those other named defendants.